UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO PERALTA YAPOR,<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, et al.,<br><br>Respondents. | Case No.  1:26-cv-06015-JLT-HBK (HC)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(A-096-732-432)<br><br>(Doc. 1) |

Before the Court is Petitioner Jose Antonio Peralta Yapor's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 docketed on July 31, 2026.  (Doc. 1, "Petition").  Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) at the California City Immigration Processing Facility in California City, California challenging, *inter alia*, his arrest and continued detention without a bond hearing as a violation of his due process rights under the Fifth Amendment.  (*Id*. at 6-8).  Petition seeks immediate release from custody and an order from the Court prohibiting Respondents from re-detaining him absent a material change in circumstances.  (*Id*. at 8).

The Court has conducted a preliminary review of the petition.  *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243.  Under Rule 4,[1] a district court must dismiss a habeas petition if it

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than

"plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  It is not clear from the face of the petition whether Petitioner is entitled to relief.  28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

1.  No later than **twenty-one (21) days** from the date of entry of this Order, Respondents are **DIRECTED** to respond to the Petition and show cause why the Petition should not be granted.

2.  Respondents are **DIRECTED** to electronically file **<u>in their entirety</u>** all documents necessary for resolving the issues presented in the petition, including all referenced/relevant portions of Petitioner's A-file and any and all available records regarding the status of Petitioner's removal proceedings and compliance with the applicable regulations regarding the revocation of his order of supervision.

3.  **Respondents SHALL address the status of Petitioner's removal proceedings, and the statutory authority for his continued detention.**

4.  If Respondents file an answer to the petition, Petitioner may file a reply within **seven (7) days** of the date of service of Respondent's answer.  If no reply is filed within fourteen (14) days, the petition and answer are deemed submitted.  The Court will not address new grounds raised in the reply.  *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

5.  If Respondents move to dismiss, Petitioner must file an opposition or statement of non-opposition within **seven (7) days** of the date of service of Respondents' motion.  Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.

---

those brought under § 2254 at the Court's discretion.  *See* Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

6. The Clerk of Court is directed to mail a copy of this order to pro se Petitioner.

6. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.

7. Extensions of time will be granted only upon a showing of good cause.

Dated:    August 7, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE